UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LAMAR ADVERTISING COMPANY** * | | **CIVIL ACTION** |
| * | | |
| **VERSUS** * | | |
| * | | **NO 18-1060-JWD-RLB** |
| **ZURICH AMERICAN INSURANCE** * | | |
| **COMPANY** * | | |
| * | | |
| * * * * * * * * | | |

**ZURICH AMERICAN INSURANCE COMPANY'S AMENDED ANSWERS AND RESPONSES TO LAMAR'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, though undersigned counsel, comes Defendant Zurich American Insurance Company ("Defendant" or "Zurich"), who submits these amended answers and responses to Plaintiff Lamar Advertising Company's ("Plaintiff" or "Lamar") Interrogatories and Requests for Production of Documents as follows:

**ANSWERS TO INTERROGATORIES**

INTERROGATORY NO. 1:

For each Request for Admission that You denied or did not unconditionally admit, Identify:

(i) The information, knowledge, and/or facts on which You base Your denial or partial denial;

(ii) All Persons upon whom You relied, consulted, or intend to rely or consult, to support Your denial or partial denial; and

(iii) All Documents, Communications, or other information that support Your denial or partial denial.

**Exhibit O**

**ANSWER TO INTERROGATORY NO. 1:**

Objection: Lamar has the burden of proving any fact it deems material to its claims. Zurich is not required to prove a negative. Zurich further objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Zurich further objects to this Interrogatory because it exceeds the number, including all discrete subparts, permitted by F.R.C.P. 33(a)(1). Zurich further objects to this Interrogatory to the extent that it calls for the disclosure of information, materials, and/or documents protected by the attorney-client privilege, work product doctrine, or any other privilege or rule of confidentiality, or as material prepared in anticipation of or after commencement of this litigation or trial. Zurich further objects to this Interrogatory to the extent that it seeks information, materials, and/or documents related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representatives of Zurich. Subject to said objections and without waiving same, see below:

- Response to Request for Admission No. 1: The document attached as Exhibit A does not include premiums. See ZAIC 001764 – ZAIC 001937.

- Response to Request for Admission No. 22: Zurich disputes that Lamar has presented satisfactory proof of loss for its business interruption claim.

- Response to Request for Admission No. 23: Zurich disputes that Lamar has presented satisfactory proof of loss for its business interruption claim.

- Response to Request for Admission No. 26: Zurich disputes that Lamar has presented satisfactory proof of loss for its business interruption claim.

- Response to Request for Admission No. 28: Zurich is not aware of any such representation.

- Response to Request for Admission No. 31: The last email is dated August 30, 2018.

- Response to Request for Admission No. 33: Zurich disclosed to Lamar that it uses standard accounting principles to calculate business interruption losses, including the claim submitted by Lamar.

- Response to Request for Admission No. 36: Zurich is not aware of any such representation.

INTERROGATORY NO. 5:

Identify all payments that Zurich made to Lamar for losses Lamar sustained as a result of Hurricane Maria (by amount paid, date payment was issued by Zurich, and each item for which payment was made to Lamar).

**ANSWER TO INTERROGATORY NO. 5:**

Zurich objects to this Interrogatory because it calls for information already in Zurich's possession. Subject to and without waiving this objection, on January 22, 2018, Zurich issued a payment of $544,668.00 for property damages. On April 10, 2018, Zurich issued a payment of $262,468.56 for property damages. On August 13, 2018, Zurich issued a payment of $417,925.76 for property damages.

INTERROGATORY NO. 6:

Identify all deductibles that Zurich believes are applicable to Lamar's Hurricane Maria Claim (by amount of deductible per claim that Zurich alleges applies, provision(s) of the Zurich Policy supporting application of each deductible, and amount of deductible Zurich contends has not yet been satisfied).

**ANSWER TO INTERROGATORY NO. 6:**

Zurich objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections and without waiving same, see Policy Sections 2.05.05.02.04 to 2.05.05.02.04.02.03. The Named Storm deductibles for Property Damage and Time Element are subject to a minimum combined deductible of $250,000. Zurich does not contend that any further deductible is owed.

INTERROGATORY NO. 7:

Identify all physical inspections of Lamar's Puerto Rico Location that Zurich made (by date inspection began, date inspection concluded, location of inspection, scope of inspection, purpose of inspection, and all Persons involved in each inspection).

**ANSWER TO INTERROGATORY NO. 7:**

Zurich objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Zurich further objects to this Interrogatory because it calls for information equally available to Lamar, as a Lamar representative was present for all physical inspections of its Puerto Rico Location. Subject to said objections and without waiving same, on October 11, 2017, Independent Adjuster Patrick Menke made an initial visit to the property. On October 18, 2017, Menke inspected the warehouse and office along with Ricky Raven and Jacie Strader of Lamar, and representatives of Marsh Brokerage and Target Development Corporation. On October 23, 2017, Menke inspected the property with Robert Pumphrey of J.S. Held and Joey Wild and Manuel Papadakis of Target Development Corporation. On May 12, 2018, the property was inspected by International General Adjuster Donald Heering.

INTERROGATORY NO. 8:

Identify the first date Zurich developed any methodology or model to determine the amount of Lamar's covered business interruption (time element) loss as a result of Hurricane Maria.

**ANSWER TO INTERROGATORY NO. 8:**

Zurich objects to this Interrogatory as vague and nonsensical. Zurich employs standard and accepted forensic accounting methods to evaluate business interruption claims. Zurich did not develop a different "methodology or model" to evaluate Lamar's business interruption claim.

INTERROGATORY NO. 9:

Identify all models or methods Zurich intends to use and/or has used to determine the existence and amount of any business interruption (time element) loss Lamar sustained as a result of Hurricane Maria.

**ANSWER TO INTERROGATORY NO. 9:**

See Answer to Interrogatory No. 8.

INTERROGATORY NO. 10:

Identify in detail how each numbered item (1 through 13) in the document attached hereto as **Exhibit M** will be used by Zurich to calculate the covered business interruption (time element) loss Lamar sustained as a result of Hurricane Maria.

**ANSWER TO INTERROGATORY NO. 10:**

Zurich objects to this Interrogatory because it assumes that Lamar sustained a covered business interruption claim as a result of Hurricane Maria. Zurich further objects to this Interrogatory because it exceeds the number, including all discrete subparts, permitted by F.R.C.P. 33(a)(1). Zurich further objects to this Interrogatory because it calls for expert

5

testimony.

INTERROGATORY NO. 14:

Identify all custodians and locations (including physical and/or electronic locations) of the Documents, Communications, and other information You produced in response to the Requests for Production.

**ANSWER TO INTERROGATORY NO. 14:**

Zurich objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections and without waiving same, Zurich stores its documents electronically. The custodians are Lucas Theesfeld, Eric Schwalbach, Mike Mastilak, Vince Lucas, and Ronald Garcia.

INTERROGATORY NO. 17:

Identify the amount of premium Zurich charged Lamar for the business interruption (time element) coverage provided by the Zurich Policy.

**ANSWER TO INTERROGATORY NO. 17:**

Zurich objects to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections and without waiving same, $11,069.00.

INTERROGATORY NO. 18:

If You denied or did not unconditionally admit Request for Admission No. 35, Identify every written offer to settle Zurich made to Lamar for the property damage Lamar sustained as a result of Hurricane Maria (by date all such written offers to settle were made by Zurich, and by Bates Number(s) of each Document and/or Communication evidencing such written offer to settle).

**ANSWER TO INTERROGATORY NO. 18:**

Zurich objects to this Interrogatory because it exceeds the number, including all discrete subparts, permitted by F.R.C.P. 33(a)(1).  Subject to said objection and without waiving same, see Answer to Request for Admission No. 35.  Zurich has paid all of Lamar's claim for property damages, and thus there is nothing to "settle."  Moreover, Lamar has failed to submit satisfactory proof of loss for its business interruption claim, and thus Zurich does not have sufficient information to enable it to make any offer to settle all or part of that claim.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 2:

For each paragraph of Lamar's Complaint that You denied, or that You did not unconditionally admit, produce a true and correct copy of all Documents, Communications, and other information that support Your denial or partial denial of each Paragraph.

**RESPONSE TO REQUEST NO. 2:**

Objection:  Lamar has the burden of proving any fact it deems material to its claims.  Zurich is not required to prove a negative.  Subject to said objections and without waiving same, see Zurich's Answers to Interrogatories and documents produced in response to Lamar's Requests for Production of Documents.

REQUEST FOR PRODUCTION NO. 21:

Produce a true and correct copy of all Documents, Communications, and other information which reflect, show, explain, or provide guidance on how Zurich computed and/or arrived at the premium charged for the Zurich Policy.

**RESPONSE TO REQUEST NO. 21:**

Zurich objects to this Request as overly broad, unduly burdensome, irrelevant, and not

reasonably calculated to lead to the discovery of admissible evidence. Zurich objects to this Request to the extent that it calls for the disclosure of information, materials, and/or documents protected by the attorney-client privilege, work product doctrine, or any other privilege or rule of confidentiality, or as material prepared in anticipation of or after commencement of this litigation or trial. Zurich further objects to this Request to the extent that it seeks information, materials, and/or documents related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representatives of Zurich. Zurich further objects that this Request calls for disclosure of confidential and proprietary information. Subject to said objections and without waiving same, see the underwriting file previously produced.

REQUEST FOR PRODUCTION NO. 22:

Produce a true and correct copy of all Documents, Communications, and other information (including, but not limited to, interoffice communications, manuals, guidelines, bulletins, memoranda, directives, letters, PowerPoint presentations, training information, and e-mail) which interpret, explain, provide guidance on, comment on, or discuss Zurich's practice of retaining "holdbacks" for depreciation in the event of direct physical loss or damage to Covered Property.

**RESPONSE TO REQUEST NO. 22:**

Zurich objects to this Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Zurich objects to this Request to the extent that it calls for the disclosure of information, materials, and/or documents protected by the attorney-client privilege, work product doctrine, or any other privilege or rule of confidentiality, or as material prepared in anticipation of or after commencement of this litigation or trial. Zurich further objects to this Request to the extent that it seeks information, materials,

and/or documents related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representatives of Zurich.  Zurich further objects that this Request calls for disclosure of confidential and proprietary information.  Subject to said objections and without waiving same, Zurich refers Lamar to the Policy, which, as a written document, speaks for itself and is the best evidence of its terms, conditions, limitations, and exclusions.  Subject to said objections and without waiving same, see attached documents Bates stamped ZAIC 022641 - ZAIC 022646.

REQUEST FOR PRODUCTION NO. 23:

Produce a true and correct copy of all Documents, Communications, and other information (including, but not limited to, interoffice communications, manuals, guidelines, bulletins, memoranda, directives, letters, PowerPoint presentations, training information, and e-mail) which interpret, explain, and/or provide guidance regarding the business interruption (time element) coverage offered and/or provided under "The Zurich Edge" policy form.

**RESPONSE TO REQUEST NO. 23:**

Zurich objects to this Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Zurich objects to this Request to the extent that it calls for the disclosure of information, materials, and/or documents protected by the attorney-client privilege, work product doctrine, or any other privilege or rule of confidentiality, or as material prepared in anticipation of or after commencement of this litigation or trial.  Zurich further objects to this Request to the extent that it seeks information, materials, and/or documents related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representatives of Zurich.  Zurich further objects that this Request calls for disclosure of confidential and proprietary information.  Subject to said objections and without

9

waiving same, Zurich refers Lamar to the Policy, which, as a written document, speaks for itself and is the best evidence of its terms, conditions, limitations, and exclusions. Subject to said objections and without waiving same, see attached documents Bates stamped ZAIC 022647, 22648 – 022650, and 022651 - 022654.

REQUEST FOR PRODUCTION NO. 24:

Produce a true and correct copy of all Documents, Communications, and other information (including, but not limited to, interoffice communications, manuals, guidelines, bulletins, memoranda, directives, letters, PowerPoint presentations, training information, and e-mail) which interpret, explain, and/or provide guidance regarding the "Off Premises Service Interruption" coverage offered and/or provided under "The Zurich Edge" policy form.

**RESPONSE TO REQUEST NO. 24:**

Zurich objects to this Request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Zurich objects to this Request to the extent that it calls for the disclosure of information, materials, and/or documents protected by the attorney-client privilege, work product doctrine, or any other privilege or rule of confidentiality, or as material prepared in anticipation of or after commencement of this litigation or trial. Zurich further objects to this Request to the extent that it seeks information, materials, and/or documents related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representatives of Zurich. Zurich further objects that this Request calls for disclosure of confidential and proprietary information. Subject to said objections and without waiving same, Zurich refers Lamar to the Policy, which, as a written document, speaks for itself and is the best evidence of its terms, conditions, limitations, and exclusions. Additionally, see attached documents Bates stamped ZAIC 022655 – 022656.

Respectfully submitted,

_____
**RICHARD E. KING (#25128)**
**JEFFERY B. STRUCKHOFF (#30173)**
**MELCHIODE MARKS KING LLC**
639 Loyola Avenue, Suite 2550
New Orleans, Louisiana 70113
Telephone: (504) 336-2880
Facsimile: (504) 336-2342
Email: rking@mmkfirm.com
         jstruckhoff@mmkfirm.com

*Counsel for Defendant*
*Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all known counsel of record via email, facsimile and/or by depositing same in the United States mail, properly addressed and postage prepaid, this 26th day of June, 2019.

_____
**JEFFERY B. STRUCKHOFF**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LAMAR ADVERTISING COMPANY** * | | CIVIL ACTION |
| * | | |
| VERSUS * | | |
| * | | NO 18-1060-JWD-RLB |
| **ZURICH AMERICAN INSURANCE** * | | |
| **COMPANY** * | | |
| * | | |
| *   *   *   *   *   *   * | | |

### VERIFICATION OF ZURICH AMERICAN INSURANCE COMPANY'S ANSWERS TO LAMAR'S INTERROGATORIES

STATE OF ILLINOIS

COUNTY OF COOK

    Before me, the undersigned notary, personally came and appeared:

PETER HANRAHAN

who, after being duly sworn, declared that she reviewed Zurich's Answers to Lamar Advertising Company's First Set of Interrogatories and that the Answers are true and correct to the best of her knowledge, information, and belief.

                                                                                                                                  _____

                                                                                                                                  PETER HANRAHAN

Sworn to and subscribed before me
this \_\_\_\_\_ day of June, 2019.


_____
Notary Public

_____
Print Name