**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| LAMAR ADVERTISING COMPANY | CIVIL ACTION |
|---|---|
| VERSUS | |
| | NO. 18-1060-JWD-RLB |
| ZURICH AMERICAN INSURANCE COMPANY | |

**ORDER**

Before the Court is Lamar Advertising Company's ("Lamar") Motion to Compel Crawford & Company. (R. Doc. 35). The motion is opposed. (R. Doc. 40). Lamar filed a reply. (R. Doc. 49).

This is an action for recovery under a commercial property insurance policy. (R. Docs. 1, 12). Lamar seeks recovery under a "Zurich Edge" policy with an aggregate policy limit of $145,557,696. (R. Doc. 12 at 4; *see* R. Doc. 1-1). Lamar asserts that it sustained property damage, loss of business income, professional fees, and other losses as a result of Hurricane Maria on September 20, 2017 at its Puerto Rico location. Among other things, Lamar is seeking recovery for breach of contract, unfair trade practices, and violations of Louisiana's bad faith statutes, La. R.S. 22:1773 and La. R.S. 22:1892. Lamar asserts that Zurich failed to timely pay its claims of business interruption losses and professional fees, arbitrarily and capriciously failed to timely pay these and other claims, and failed to make a timely written offer to settle Lamar's property damages claims. Lamar commenced the instant action on December 3, 2018.

The instant motion concerns a Rule 45 subpoena served on the non-party Crawford & Company ("Crawford") seeking the production of certain documents in Baton Rouge, Louisiana on June 24, 2019. (R. Doc. 35-3). There is no dispute that Patrick Menke, a former employee of

Crawford, served as a claims adjuster on Lamar's claim on the Zurich policy. (*See* R. Doc. 35-2 at 4). The subpoena seeks the following information:

> A. All contracts and/or agreements between [Crawford] and Zurich applicable to or governing the services [Crawford] provided to Zurich in connection with Lamar's Hurricane Maria Claim.
>
> B. All manuals, guidelines, policies, procedures, practices, standards, and/or directives – whether issued by [Crawford], Zurich, or any other Person – applicable to or governing any work performed by Patrick Menke in connection with Lamar's Hurricane Maria Claim.
>
> C. All Documents and Communications regarding Lamar's Hurricane Maria Claim.
>
> D. All Documents and Communications relating to the circumstances of Patrick Menke's termination and/or departure from Crawford.
>
> E. All Documents and Communications related to commendations, complaints, and regulatory actions regarding the services Patrick Menke provided while he was employed at Crawford.

(R. Doc. 35-3 at 3-4). Within these general categories of documents, Lamar requests documents specifically concerning Mr. Menke.

Lamar represents that Crawford did not timely object to the subpoena, but otherwise produced certain documents after discussions between counsel. (R. Doc. 35 at 2). Lamar asserts that Crawford's productions are deficient because they did not include any contracts of agreements as sought in Category A, they did not include any manuals or guidelines as sought in Category B, and certain responsive emails weren't produced or were otherwise produced without attachments. (R. Doc. 35 at 2-3). Lamar seeks an order compelling Crawford to "(a) produce true and correct copies of all documents in its possession, custody or control that are responsive [to] the Subpoena; and (b) certify that it has conducted a search for the information reasonably available to it through its agents, attorneys, or others subject to its control and has determined

2

that the information requested either does not exist or that it has been produced to Lamar." (R. Doc. 35 at 3).

In opposition, Crawford represents that it has "diligently complied with the subpoena" with a production of over 5,000 documents and that "the majority of the documents" sought, including emails, have been produced. (R. Doc. 40 at 2). Crawford represents that it has no additional documents in its possession, custody, or control to produce other than "certain Zurich documents, including Zurich guidelines and Zurich contracts via Requests No. A and B of the Subpoena." (R. Doc. 40 at 2). Crawford further argues that it should not be required to produce these documents as they are "unreasonably duplicative" of discovery efforts directed at Zurich and can be obtained directly from Zurich. (R. Doc. 40 at 3-4). Crawford does not, however, present any evidence that it timely objected to the subpoena on this basis.

The record indicates that Crawford did not serve any objections "before the earlier of the time specified for compliance or 14 days after the subpoena [was] served" under Rule 45(d)(2) or otherwise file a timely motion to quash under Rule 45(d)(3). Under these circumstances, a party generally waives all grounds for objection, including privilege. *Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.*, No. 10-516, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege.") (citing cases).

The Court need not determine whether Crawford has waived any objections, however, because the subpoena is narrowly tailored to obtain information relevant to Lamar's claims. The record indicates that Crawford has withheld certain documents that fall within the scope of the subpoena solely on the basis that they could be obtained directly from Zurich. There is no

3

indication that the production of these documents would cause any undue burden to Crawford. It is also unclear how "agreements" entered into between Crawford and Zurich should be construed to constitute "Zurich" documents that must be produced by Zurich. To the extent Crawford has concerns regarding confidentiality, it may produce the documents as "confidential" under the Joint Stipulated Protective Order in this case. (*See* R. Doc. 17).

Based on the foregoing,

**IT IS ORDERED** that Lamar's Motion to Compel Crawford (R. Doc. 35) is **GRANTED IN PART and DENIED IN PART**. Crawford must produce the withheld "Zurich" documents within **7 days** of the date of this Order. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on January 28, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**